## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| WILLIS TOWERS WATSON PUBLIC LIMITED COMPANY, ANNA C. CATALANO, VICTOR F. GANZI, JOHN J. HALEY, WENDY E. LANE, BRENDAN R. O'NEILL, JAYMIN B. PATEL, LINDA D. RABBITT, PAUL THOMAS, WILHELM ZELLER, and AON PLC, | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on March 9, 2020 (the "Proposed Transaction"), pursuant to which Willis Towers Watson Public Limited Company ("Willis Towers Watson" or the "Company") will be acquired by Aon plc ("Aon").

2. On March 9, 2020, Willis Towers Watson's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Aon. Pursuant to the terms of the Merger Agreement, Willis Towers Watson's stockholders will receive 1.08 newly issued Class A ordinary shares of Aon for each share of Willis Towers Watson common stock they own.

3. On May 11, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Willis Towers Watson common stock.

9. Defendant Willis Towers Watson is an Irish public limited company and a party to the Merger Agreement. Willis Tower's Watson common stock is traded on the NASDAQ Global Select Market under the ticker symbol "WLTW."

10. Defendant Anna C. Catalano is a director of the Company.

11. Defendant Victor F. Ganzi is Chairman of the Board of the Company.

12. Defendant John J. Haley is Chief Executive Officer and a director of the Company.

13. Defendant Wendy E. Lane is a director of the Company.

14. Defendant Brendan R. O'Neill is a director of the Company.

15. Defendant Jaymin B. Patel is a director of the Company.

16. Defendant Linda D. Rabbitt is a director of the Company.

17. Defendant Paul Thomas is a director of the Company.

18. Defendant Wilhelm Zeller is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Aon is a company incorporated under the laws of England and Wales and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Willis Towers Watson (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of March 5, 2020, there were approximately 128,720,751 shares of Willis Towers Watson common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

28. Willis Towers Watson is a leading global advisory, broking, and solutions company that designs and delivers solutions that manage risk, optimize benefits, cultivate talent, and expand the power of capital to protect and strengthen institutions and individuals.

29. The Company has more than 45,000 employees and services clients in more than 140 countries.

30. On March 9, 2020, Willis Towers Watson's Board caused the Company to enter into the Merger Agreement.

31. Pursuant to the terms of the Merger Agreement, Willis Towers Watson's stockholders will receive 1.08 newly issued Class A ordinary shares of Aon for each share of Willis Tower Watson common stock they own.

32. According to the press release announcing the Proposed Transaction:

Aon plc (NYSE:AON) and Willis Towers Watson (NASDAQ: WLTW) today announced a definitive agreement to combine in an all-stock transaction (the "Proposed Combination") with an implied combined equity value of approximately $80 billion. . . .

Structure and Governance

The combined company, to be named Aon, will be the premier, technology-enabled global professional services firm focused on the areas of risk, retirement and health. Aon will maintain operating headquarters in London, United Kingdom. John Haley will take on the role of Executive Chairman with a focus on growth and innovation strategy. The combined firm will be led by Greg Case and Aon Chief Financial Officer, Christa Davies, along with a highly experienced and proven leadership team that reflects the complementary strengths and capabilities of both organizations. The board of directors will comprise proportional members from Aon UK and WTW's current directors.

Transaction Details

Under the terms of the agreement unanimously approved by the boards of directors of both companies, each WTW Shareholder will receive 1.08 New Aon Ireland Shares for each WTW Share (subject to any adjustment under Section 2.1(d)(v) of the Business Combination Agreement), and Aon Ireland Shareholders will continue to own the same number of Aon Ireland Shares as they do immediately prior to the closing of the Proposed Combination. Upon completion of the Proposed Combination, existing Aon Ireland Shareholders will own approximately 63 per cent. and existing WTW Shareholders will own approximately 37 per cent. of the combined company on a fully diluted basis. . . .

Advisors

Aon UK's financial advisor in respect of the Proposed Combination is Credit Suisse Securities (USA) LLC who has delivered a fairness opinion, and its legal advisors are Latham & Watkins, LLP, Freshfields Bruckhaus Deringer LLP and Arthur Cox.

WTW's financial advisor in respect of the Proposed Combination is Goldman Sachs & Co. LLC and its legal advisors are Weil, Gotshal & Manges LLP, Skadden, Arps, Slate, Meagher & Flom LLP and Matheson.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

33. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

34. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

35. First, the Proxy Statement omits material information regarding the Company's, Aon's, and the combined company's financial projections.

36. With respect to the Company's financial projections, the Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Adjusted EBITDA, (b) Unlevered Free Cash Flow, (c) Adjusted Net Income, (d) Levered Free Cash Flow, and (e) Adjusted Earnings Per Share; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

37. With respect to Aon's financial projections, the Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Adjusted EBITDA and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

38. With respect to the combined company's financial projections, the Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Adjusted EBITDA and (b) Unlevered Free Cash Flow; (ii) the adjustments made to the projections; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

advisor in support of its fairness opinion.

40. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Goldman Sachs & Co. LLC ("Goldman").

41. With respect to Goldman's Illustrative Present Value of Future Share Price Analyses, the Proxy Statement fails to disclose: (i) Goldman's basis for applying price to next 12 months estimated cash earnings per share multiples of 15.5x to 17.5x and 16.4x to 20.3x; (ii) the individual inputs and assumptions underlying the discount rate of 5.7%; (iii) the future dividends per share of the Company and Aon as used in the analyses; and (iv) the estimated synergies used in the analyses.

42. With respect to Goldman's Illustrative Discounted Cash Flow Analysis of the Company, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the discount rates ranging from 5.5% to 6.5%; (iii) the terminal values for the Company; (iv) Goldman's basis for applying an enterprise value multiple range of 11.0x to 13.0x; (v) the net debt used in the analysis; and (vi) the number of fully diluted outstanding shares of the Company.

43. With respect to Goldman's Illustrative Discounted Cash Flow Analysis of Aon, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the discount rates ranging from 5.5% to 6.5%; (iii) the terminal values for Aon; (iv) Goldman's basis for applying an enterprise value multiple range of 15.5x to 17.0x; (v) the net debt used in the analysis; and (vi) the number of fully diluted outstanding shares of Aon.

44. With respect to Goldman's Pro Forma Discounted Cash Flow Analysis and Illustrative Present Value of Aon Shares to be Received by WTW Shareholders in the Business Combination Agreement, the Proxy Statement fails to disclose: (i) the estimated synergies used in the analysis; (ii) the individual inputs and assumptions underlying the discount rates ranging from 5.5% to 6.5%; (iii) all line items used to calculate unlevered free cash flow; (iv) the terminal values for Aon pro forma for the Proposed Transaction; (v) Goldman's basis for applying an enterprise value multiple range of 13.6x to 15.3x; (vi) the net debt and non-controlling interest balances used in the analysis; and (vii) the number of fully diluted pro forma Aon shares.

45. With respect to Goldman's Premia Analysis, the Proxy Statement fails to disclose: (i) the transactions observed by Goldman in the analysis; and (ii) the premiums paid in the transactions.

46. With respect to Goldman's Selected Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed by Goldman in the analysis.

47. With respect to Goldman's Selected Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by Goldman in the analysis.

48. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

49. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Transaction; (ii) Recommendation of the WTW Board and

WTW's Reasons for the Transaction; (iii) Opinion of Goldman Sachs; and (iv) Aon and WTW Forward-Looking Financial Information.

50. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Willis Towers Watson

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Willis Towers Watson is liable as the issuer of these statements.

53. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

54. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

55. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

56. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

57. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

58. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Aon

59. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

60. The Individual Defendants and Aon acted as controlling persons of Willis Tower Watson within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Willis Towers Watson and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

61. Each of the Individual Defendants and Aon was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

62. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

63. Aon also had supervisory control over the composition of the Proxy and the information disclosed therein, as well as the information that was omitted and/or represented in the Proxy.

64. By virtue of the foregoing, the Individual Defendants and Aon violated Section 20(a) of the 1934 Act.

65. As set forth above, the Individual Defendants and Aon had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

    D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

    E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

    F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 14, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
    Brian D. Long (#4347)
    Gina M. Serra (#5387)
    300 Delaware Avenue, Suite 1220
    Wilmington, DE 19801
    Telephone: (302) 295-5310
    Facsimile: (302) 654-7530
    Email: bdl@rl-legal.com
    Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*